UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| CHRISTOPHER RYAN NELSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:21-CV-198-DCLC-CRW |
| SULLIVAN COUNTY JAIL, JEFF CASSIDY, and SULLIVAN COUNTY SHERIFF'S OFFICE, | ) | |
| Defendants. | ) | |

## **MEMORANDUM & ORDER**

Plaintiff, an inmate in the Sullivan County Detention Center, has filed a pro se complaint for violation of 42 U.S.C. § 1983 alleging that Defendants failed to protect him from another inmate during his confinement [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**, Defendants Sullivan County Jail, Jeff Cassidy, and Sullivan County Sherriff's Office ("SCSO") will be **DISMISSED**, this action will proceed only against John Doe SCSO Officers**,** and Plaintiff will have thirty (30) days from the date of entry of this order to file either (1) an amended complaint naming the relevant John Doe SCSO Officers as Defendants or (2) a motion for limited discovery from Sullivan County for the sole purpose of identifying the relevant John Doe SCSO Officers.

**I.     FILING FEE**

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] that he is unable to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion will be **GRANTED**.

Because Plaintiff is a Sullivan County Detention Center inmate, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Market Street, Suite 200, Greeneville, Tennessee 37743, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as

2

Case 2:21-cv-00198-DCLC-CRW   Document 5   Filed 05/10/22   Page 2 of 7   PageID #: 20

true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. Complaint Allegations

On November 12, 2021, while Plaintiff was in SCSO custody, he was placed in a courthouse holding cell [Doc. 1 p. 3–4]. An unnamed officer then placed David Dishner, an inmate who nearly fatally shot Plaintiff on January 8, 2021, in the same holding cell with Plaintiff where no officer was present even though "[t]here has been an incompatible keep away order on [Dishner and Plaintiff]" due to the severity of the January 8, 2021 incident, of which all SCSO staff and personnel are aware [*Id.* at 4].

Plaintiff states that, upon Mr. Dishner's arrival in the holding cell in which Plaintiff was located, Plaintiff had a panic attack and became distraught, at which point "[a] violent altercation ensued" [*Id.*]. Officers then extracted Mr. Dishner from the cell, pepper sprayed Plaintiff in the face and eyes, and "left [Plaintiff] in the holding cell covered in mace for approx[imately] 5 to 10 minutes" before taking him back to his housing unit, and Plaintiff never received medical treatment [*Id.* at 4–5]. Plaintiff claims that, as a result of negligence on the part of the SCSO, "[his] personal safety [and] well-being [were] jeopardized resulting in severe physical, mental, [and] emotional

3

Case 2:21-cv-00198-DCLC-CRW   Document 5   Filed 05/10/22   Page 3 of 7   PageID #: 21

trauma" [*Id.* at 5]. He also alleges that Defendant Sheriff Cassidy and unnamed SCSO officers' failure to protect him "has [] left [him] in a constant state of psychological trauma" [*Id.* at 5].

Plaintiff has named Sheriff Jeff Cassidy, the Sullivan County Jail, and the SCSO as Defendants [*Id.* at 1, 3], and states that he "wants Jeff Cassidy [and] SCSO staff/officers to pay for their negligence" [*Id.* at 6]. As relief, Plaintiff seeks "retribution [and] compensation for all psychological, emotion, [and] physical trauma," from which he states he has suffered both long- and short-term effects [*Id.* at 6].

### C. Analysis

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him of a federal right. 42 U.S.C. § 1983.

#### i. Sheriff Jeff Cassidy

First, the complaint does not suggest that Defendant Sheriff Jeff Cassidy was personally involved in or "authorized, approved[,] or knowingly acquiesced in the" placement of David Dishner in the holding cell with Plaintiff, or that this Defendant otherwise violated Plaintiff's constitutional rights, and it therefore fails to state a claim upon which relief may be granted under § 1983 against this Defendant. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2002) (noting that "our precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"); *Troutman v. Louisville Metro Dep't of Corrs.*, 979 F.3d 472, 487–88 (6th Cir. 2020) (providing that "at minimum a plaintiff must show that a supervisory official at least implicitly authorized, approved[,] or knowingly acquiesced in the unconstitutional conduct of the offending subordinate" in order for the supervisory official to be liable for a subordinate's acts under § 1983 (internal quotation marks and citations omitted)); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation

4

of federal rights" to state a claim upon which relief may be granted under § 1983). As such, Defendant Sheriff Jeff Cassidy will be **DISMISSED**.

### ii. Sullivan County Jail and SCSO

Additionally, neither the Sullivan County Jail nor the SCSO is a "person" subject to suit under § 1983. *Cage v. Kent Cty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"); *Mathes v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *1–2 (collecting cases holding that police and sheriff's departments are not entities subject to suit under § 1983) (M.D. Tenn. Aug. 25, 2010). Thus, these Defendants will be **DISMISSED**.

Further, Plaintiff has not set forth any facts from which the Court could liberally construe the complaint to plausibly claim that Sullivan County, the municipality operating the Sullivan County Jail, may be liable for any violation of his constitutional rights. *See, e.g., Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs").

### iii. SCSO Officers

While Plaintiff did not name any SCSO officers as Defendants, liberally construing the substance of the complaint in Plaintiff's favor, it is apparent that he seeks to hold the unnamed SCSO officer(s) who placed Mr. Dishner in the same holding cell as him liable § 1983 for doing so. Specifically, Plaintiff both refers to holding "SCSO staff/officers fully responsible for putting him in harm's way" due to "their inability to protect [him]" and states that he "want[s] . . . SCSO staff/officers to pay for their negligence" [Doc. 1 p. 5, 6]. And while Plaintiff states that he seeks to hold SCSO staff/officers liable only for negligence, he also specifically claims that all SCSO

5

staff/officers knew that he and Mr. Dishner should not be placed in the same cell due to a prior violent incident between them [*Id.* at 3–4].

Thus, while Plaintiff refers to the unnamed officers' act of placing Mr. Dishner in a cell with Plaintiff as "negligence," the Court finds that Plaintiff adequately alleges that this act was reckless, and that this allegation states a claim for failure to protect in violation of the Fourteenth Amendment. *Brawner v. Scott Cty.*, 14 F.4th 585, 596–97 (6th Cir. 2021) (finding that a defendant may be liable under § 1983 for failure to protect a pretrial detainee in violation of the Fourteenth Amendment where he deliberately and recklessly fails to address a condition posing a substantial risk of harm to a pretrial detainee of which he knew or should have known) (citations omitted). As such, the Court will allow Plaintiff's claim for failure to protect to proceed against the John Doe SCSO Officers who placed David Dishner in the holding cell with Plaintiff on November 12, 2021.

However, as the Court cannot serve the relevant John Doe SCSO Officers with process in this case without knowing their identity, the Court will allow Plaintiff thirty (30) days to either (1) amend his complaint to name the John Doe SCSO officers who placed Mr. Dishner in his cell as Defendants in this action, or (2) file a motion for limited discovery from SCSO for the sole purpose of identifying the officer(s) responsible for placing Mr. Dishner in his cell.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

6

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

6. Plaintiff has thirty (30) days from the date of entry of this order to file an amended complaint naming the relevant John Doe SCSO Officers as Defendants or to file a motion for limited discovery as set forth above;

7. Plaintiff is **NOTIFIED** that any amended complaint he files will completely replace the previous complaint;

8. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and to follow the orders of this Court; and

9. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER**:

s/Clifton L. Corker
United State District Judge